**John A. BRADEN, Next Friend of John W. Braden, Deceased, and John A. Braden and Wanda G. Braden, Individually, Plaintiffs-Appellees,**

v.

**Billy J. HALL and Cathy M. Hall, Defendants-Appellants.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Feb. 4, 1987.

Application for Permission to Appeal Denied by Supreme Court May 11, 1987.

Bart Durham, Thomas H. Ware, Nashville, Richard Sterling Maxwell, Sp. Counsel on Appeal, for plaintiffs-appellees.

William H. Woods, Donald P. Paul, Trabue, Sturdivant & DeWitt, Nashville, for defendants-appellants.

OPINION

LEWIS, Judge.

This is an appeal by defendants from a jury verdict for plaintiffs arising out of an automobile accident in which plaintiffs' decedent, John W. Braden, was killed.

The facts out of which this suit arose are as follows: Defendant Cathy Hall, sixteen years of age, was operating an automobile owned by her father, Billy J. Hall, on Maple Street in Davidson County, Tennessee.

The accident occurred at approximately 4:00 P.M. on October 7, 1983, during daylight hours. The weather was clear and dry.

John W. Braden, who was at the time of the accident fifteen years and four months of age, lived on Maple Street with his parents, plaintiffs John A. Braden and Wanda Braden. Maple Street is a two-lane, straight and level, dead-end street which intersects with Gallatin Road.

Located across Maple Street from plaintiffs' home is a church with an adjacent parking lot.

From the point where Maple Street begins at Gallatin Road, there is nothing to obstruct vision down to and including the church parking lot, which is about two blocks from Gallatin Road.

Several teenage children were playing in the church parking lot. At least three of them, plaintiffs' decedent, Trent Grimes, and Steve Papai, were riding bicycles.

Defendant Cathy Hall and Tammy Heath had driven to Maple Street to see where Paul Dalhauser lived and to "just see if he was home." When they turned onto Maple Street from Gallatin Road, both Cathy Hall and Tammy Heath could see the children playing in the church parking lot.

All of the evidence is that the Hall vehicle was traveling at twenty-five to thirty miles per hour. The speed limit on Maple Street is thirty miles per hour.

When the Hall automobile was at or near the church parking lot, plaintiffs' decedent rode into the path of the Hall vehicle. Cathy Hall did not see plaintiffs' decedent until he rode into her lane of traffic. She immediately applied the brakes on her automobile. The automobile skidded thirty-six feet and eight inches before hitting plaintiffs' decedent at or near the center of Maple Street.

Tammy Heath first saw plaintiffs' decedent just as he rode onto Maple Street from the parking lot when the Hall vehicle was about one and a half car lengths from him. She cried out, but Cathy Hall had already applied her brakes.

The impact between the Hall automobile and plaintiffs' decedent occurred within Hall's lane of traffic. Plaintiffs' decedent following the impact was at the left front of the Hall vehicle and the Hall vehicle was still in its lane of traffic.

The trial judge, following the close of proof and argument of counsel, charged the jury that plaintiffs' decedent "was guilty of negligence which proximately contributed to his own fate." However, he further charged the jury on both branches of the last clear chance doctrine, i.e., helpless plaintiff and inattentive plaintiff.

The jury returned a verdict in the amount of $127,920 for the wrongful death of plaintiffs' decedent.

Defendants filed a motion for a new trial which was subsequently granted. Plaintiffs then filed a "Motion to Reconsider." The trial judge "reconsidered" and, fifty-two days after the order granting the motion for a new trial was entered, reversed himself. He denied the motion for a new trial but suggested a remittitur of $50,000. He also denied defendants' motion for a judgment n.o.v.[1]

Defendants have appealed, setting forth several issues, and plaintiffs raise the issue of the trial judge's remitting $50,000 of the judgment.

We are of the opinion that the resolution of one issue is dispositive of this case. That is "[w]hether the trial court erred in charging the jury on the doctrine of last clear chance."

While it is questionable under the evidence whether Cathy Hall was guilty of any negligence, we will, for the purpose of this opinion, assume that she was guilty of negligence which proximately caused the decedent's death.

It is clear that the plaintiffs' decedent was guilty of proximate contributory negligence as the trial court correctly found. Therefore, if Cathy Hall is guilty of proximate negligence and plaintiffs' decedent is guilty of proximate contributory negligence, before plaintiffs can recover the

---

1. Because we are deciding this case on other grounds, we deem it unnecessary to discuss the trial judge's authority to set aside the granting of a new trial after more than thirty days had elapsed.

doctrine of last clear chance must come into play.

Our Supreme Court, in *Street v. Calvert*, 541 S.W.2d 576, 583–584 (Tenn.1976), adopted *Restatement (Second) of Torts* §§ 479 and 480. These sections provide as follows:

§ 479. Last Clear Chance: Helpless Plaintiff.

A plaintiff who negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceeding the harm,

(a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and

(b) the defendant is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm, when he

(i) knows of the plaintiff's situation and realizes or has reason to realize the peril involved in it or

(ii) would discover the situation and thus have reason to realize the peril, if he were to exercise the vigilance which it is then his duty to the plaintiff to exercise.

§ 480. Last Clear Chance: Inattentive Plaintiff.

A plaintiff who, by the exercise of reasonable vigilance, could discover the danger created by the defendant's negligence in time to avoid the harm to him, can recover if, but only if, the defendant

(a) knows of the plaintiff's situation and

(b) realizes or has reason to realize that the plaintiff is inattentive and therefore unlikely to discover his peril in time to avoid the harm, and

(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm.

It cannot be seriously contended that plaintiffs' decedent was a "helpless plaintiff." Plaintiffs' decedent did subject himself "to a risk of harm from the defendant's subsequent negligence." However, the plaintiffs' decedent could have avoided the harm "by the exercise of reasonable vigilance and care." Before entering Maple Street, he would only have had to have looked to his left where he would have seen defendant's automobile to have exercised such reasonable vigilance and care. Section 479 does not apply in this case. If plaintiffs are to recover, it must be pursuant to section 480.

The plaintiffs' decedent could have, "by the exercise of reasonable vigilance," discovered "the danger created by the defendant's negligence in time to avoid the harm to him" by simply looking to his left before traveling onto Maple Street. Plaintiffs' decedent was clearly "inattentive." However, for the plaintiffs to recover, they must show that "the defendant (a) knows of the plaintiff's situation, and (b) realizes or has reason to realize that the plaintiff is inattentive and therefore unlikely to discover his peril in time to avoid the harm, and (c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm."

To bring subparagraphs (b) and (c) into play, it must be shown that the defendant knew of plaintiff's situation. It is not enough to show that, under the circumstances, defendant should have known the plaintiff's situation.

■ For an inattentive plaintiff to recover, the defendant *must* observe the inattentive plaintiff in a position of peril and fail to exercise ordinary care to avoid harming the inattentive plaintiff. Otherwise, there is no liability on the part of the defendant.

■ Here, the evidence is overwhelming that the defendant did not see plaintiffs' decedent, who had placed himself in a position of peril, in time to avoid the accident. There is, therefore, no liability on the part of the defendants. This issue is sustained. In view of our disposition of this issue, we pretermit all other issues.

The judgment of the trial court is reversed and the case dismissed and remanded to the trial court for the collection of

costs which are assessed to the plaintiffs and for any further necessary proceedings.

TODD, P.J., M.S., and CANTRELL, J., concur.